**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 10-20076-13-KHV |
| | ) | |
| FABIAN DUNBAR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion For Return Of Property (Doc. #788) filed May 20, 2019. For reasons stated below, the Court dismisses defendant's motion.

On March 9, 2019, officers with the Kansas City, Kansas Police Department arrested defendant for possession of a firearm by a convicted felon and cultivation or distribution of controlled substances. Later, based in part on defendant's arrest, this Court revoked defendant's term of supervised release and sentenced him to 18 months in prison. See Judgment In A Criminal Case (Doc. #770) filed April 24, 2019. Defendant now seeks the return of a phone and $1635.00 in cash that police officers seized when he was arrested.

Rule 41(g) of the Federal Rules of Criminal Procedure is a form of equitable relief that is available only if the movant can establish "irreparable harm and an inadequate remedy at law." Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999). Rule 41(g) cannot be used to petition for the return of property seized by state authorities unless (1) federal authorities actually possess the property, (2) federal authorities have constructive possession of the property because the property is considered evidence in the federal prosecution or (3) state officials seized the property at the direction of federal authorities in an agency capacity. Id.

The government notes that it has never had possession of the property which is in the custody of the Kansas City, Kansas Police Department.  See Government's Response To Defendant's Motion For Return Of Property (Doc. #796) filed July 29, 2019, at 3.  Defendant does not assert that the government has possession of the property or that state officials seized the property at the direction of federal authorities in an agency capacity.  See United States v. Copeman, 458 F.3d 1070, 1073 (10th Cir. 2006) (property seized and held by state law-enforcement officers not in constructive possession of United States unless it is being held for potential use as evidence in federal prosecution).  Accordingly, the Court dismisses defendant's motion for lack of jurisdiction.  See Clymore v. United States, 415 F.3d 1113, 1120 (10th Cir. 2005) (if district court determines that government no longer possesses property, it should dismiss Rule 41 motion for lack of subject matter jurisdiction).

**IT IS THEREFORE ORDERED** that defendant's Motion For Return Of Property (Doc. #788) filed May 20, 2019 is **DISMISSED for lack of jurisdiction**.

Dated this 7th day of August, 2019 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge